Maple Holding Corporation, Plaintiff, *v.* Weichman-Harte Realty Corporation and Another, Defendants.

Supreme Court, New York County, October 4, 1927.

Mortgages — deed as mortgage — action to have deed adjudged mortgage — motion to dismiss complaint under Rules of Civil Practice, rule 107, subd. 7 — referee appointed pursuant to Rules of Civil Practice, rule 108, to take proof — action being in equity, trial by jury cannot be had.

The complaint in this action demands that a deed to certain premises which plaintiff contends was in fact intended as security be adjudged a mortgage and canceled as being in the nature of cumulative security for a debt already secured by a prior mortgage. Defendants claim that plaintiff released its equity of redemption contained in the mortgage by delivering the deed to them and seek to dismiss the complaint.

A motion to dismiss the complaint may be made under subdivision 7 of rule 107 of the Rules of Civil Practice, and since there is a dispute as to whether the deed was to be absolute or only as further security, a referee should be appointed, pursuant to rule 108 of the Rules of Civil Practice, to take proof and report to the court.

Moreover, since the action is one in equity, there is no valid reason for directing a trial of the issue by a jury rather than by a referee.

Motion by defendant to dismiss the complaint.

*Niles & Johnson,* for the plaintiff.

*Strouse & Goldstone,* for the defendants.

Frankenthaler, J.   Defendants claim that the plaintiff released its equity of redemption by delivering a deed to the premises. It is plaintiff's contention, on the other hand, that the deed was in fact intended as security for the indebtedness and that, therefore, the equity of redemption survived.   The complaint demands that the deed be decreed and adjudged a mortgage and canceled as being in the nature of cumulative security for the debt already secured by the prior mortgage held by the defendant corporation. It seems to me that this is a proper case for invoking subdivision 7 of rule 107 of the Rules of Civil Practice, providing that the defendant may move to dismiss the complaint by showing " that the claim or demand set forth in the complaint has been released." The claim or demand set forth in the complaint is based upon the proposition that plaintiff's equity of redemption continued to exist after the conveyance as it had up to that time.   If the equity of redemption was released, plaintiff's claim falls.   It may, therefore, properly be said that defendants' position is that the claim or demand set forth in the complaint has been released.   Since there is a dispute as to whether the deed was to be absolute, or

only as further security, a referee will be appointed pursuant to rule 108 of the Rules of Civil Practice, to take proof of the facts and report to the court. Plaintiff asks that in the event the motion is not denied absolutely the issue be tried by a jury. The action, however, is one in equity and plaintiff upon the trial would have to abide by the determination of the court sitting without a jury. There is, therefore, no valid reason for directing trial of the issue by a jury rather than by a referee. The motion will be held in abeyance until the coming in of the referee's report. Settle order.